IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NORRIS CAMERON,

        Plaintiff,

v.

WAL-MART STORES, INC and
"SARAH DOE",,

        Defendant

_____/

Civil Action File No.

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

1 : 09 - CV - 1045

APR 1 7 2009

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

-CC

## NOTICE OF REMOVAL

COMES NOW WAL-MART STORES, INC., erroneously named herein, Defendant's proper designation being Wal-Mart Stores East, LP. , Defendant in the above-captioned matter, by and through its counsel of record, within the time prescribed by law, and files this Notice of Removal, showing the Court as follows:

1.

The above-named Plaintiff filed suit against Defendant WAL-MART STORES, INC. AND "SARAH DOE" in the State Court of Fulton County, Georgia, which is within the Atlanta Division of this Court. 28 U.S.C A. § 90 (a)(2). Said lawsuit is styled as above and is numbered as Civil Action File No. 2009-EV-007047Y. Plaintiff's claims against Defendant includes claims of negligence.

2.

Plaintiff filed the Complaint on or about April 2, 2009. Defendant WAL-MART STORES, INC received service of summons and a copy of the Complaint on April 8, 2009. Defendant WAL-MART STORES, INC. files this notice of Removal within thirty (30) days after service of summons and a copy of this Complaint

3.

Defendant WAL-MART STORES, INC. is a Delaware corporation with its principal place of business in the State of Arkansas. Defendant WAL-MART STORES, INC. was not a citizen of the State of Georgia at the time of or immediately prior to the filing and service of said lawsuit, or at any time thereafter.

4.

Norris Cameron is a citizen of the State of Georgia.

5.

Complete diversity of citizenship exists between Plaintiff and Defendant Wal-Mart.

6

Plaintiff claims pain and suffering, past and future medical expenses of more than $60,000; a compression fracture; herniated disc, epidural injections; lumbar laminectomy; and diskectomy; and seeks $250,000 in damages. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

7.

This action is removable pursuant to 28 U S.C. §§ 1332, 1441, based on complete diversity of citizenship between Plaintiff and Defendant.

8.

Plaintiff's complaint also names as a Defendant "Sarah Doe" who is alleged to be a resident of Georgia (Complaint, ¶3), and is further alleged to have been employed by Wal-Mart Stores, Inc. at its store located in Alpharetta, Georgia. (Complaint, ¶6). The citizenship of "Sarah Doe" must be disregarded, as said Defendant is a "fictitious Defendant." 28 U.S.C. §1441(a)

9.

The citizenship of "Sarah Doe" should further be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1441 because Plaintiff has no possibility of recovery against her and, therefore, she has been fraudulently joined solely for the purpose of defeating federal diversity jurisdiction. See, e.g., Illinois Cent R.R. v. Sheegog, 215 U.S. 308 (1909); Tapscott v. MS Dealer Services Corp., 77 F.3d 1353 (11th Cir. 1996).

10.

There is no factual basis or colorable claim against "Sarah Doe" in her individual capacity. Under Georgia law, a "corporation possess legal existence separate and apart from that of its officers, employees, shareholders and directors." Kilsheimer v. State, 250 Ga. 549, 299 S.E.2d 733, 734 (Ga. 1983). Therefore, a lawsuit against a corporation cannot proceed against the officer or employees of the corporation in their personal capacity absent persuasive evidence for piercing the corporate veil. Id.; Mitcham v. Blalock, 214 Ga. App. 29, 447, S.E.2d 83, 88 (Ga. App. 1994). Plaintiff has not established and cannot establish, any basis to pierce the corporate veil of Wal-Mart Stores, Inc., to reach a door greeter who was not responsible for the negligent acts alleged in Plaintiff's complaint.

11.

Removal is appropriate because Plaintiff has "no real intention to get a joint judgment, and . . .there [is] no colorable ground for so claiming." AIDS Counseling and Testing Centers v. Group W. Television, 903 F 2d 1000, 1003 (4th Cir. 1990). As demonstrated by the lack of allegations in the complaint directed solely toward "Sarah Doe", it is evident that no viable claim for relief can be stated against the non-diverse

Defendant, and her joinder is a sham which should be disregarded.

12.

Pursuant to the provisions of 28 U.S.C. § 1446, Defendant has attached as Exhibit "A" copies of all the pleadings that were provided to and served upon Defendant, including copies of all pleadings that have been filed to date in the State Court of Fulton County, Georgia for the above-styled case

13.

Pursuant to 28 U.S.C. § 1446, Defendant is not required to file a removal bond.

14

Written notice of the filing of this Notice of Removal will be given to all parties as required by 28 U.S.C. § 1446.

15.

A true and correct copy of this Notice of Removal will be filed with the Clerk of the State Court of Fulton County, Georgia, as required by 28 U.S.C. § 1446.

WHEREFORE, Defendants WAL-MART STORES, INC. AND "SARAH DOE" pray that the above-captioned lawsuit be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

McLAIN & MERRITT, P.C.


Howard M  Lessinger
Georgia State Bar No. 447088
Attorneys for Defendants
WAL-MART STORES, INC.
3445 Peachtree Road, N.E.        "SARAH DOE"
Suite 500
Atlanta GA  30326-3240
(404) 266-9171

-4-